UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND  \*
ALLIED TRADES INDUSTRY PENSION
FUND  \*

    Plaintiffs  \*  Case No.: 1:06-CV-00328

v.  \*  Judge: Ellen Segal Huvelle

M.P. INDUSTRIAL COATINGS, INC.  \*
a/k/a MP Industrial Coatings, Inc.
      \*
    Defendant
\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## ANSWER

    Defendant, M.P. Industrial Coatings, Inc., ("Defendant") by its undersigned counsel, hereby responds to the Complaint filed by the International Painters and Allied Trades Industry Pension Fund ("Plaintiff") as follows:

    1.    Admitted.

    2.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint.

    3-5.    The allegations contained in paragraphs 3, 4, and 5 of the Complaint do not contain averments of fact to which an answer is required but rather a restatement of statutes. It is admitted, however, that MP Industrial Coatings is a Maryland corporation with a business office at the address listed in the caption of the Complaint and that the Funds' principal place of business is at the address listed in the caption of the Complaint.

    6.    Admitted.

    7.    Admitted.

8. The allegations contained in paragraph 8 of the Complaint are not averments of fact to which an answer is required but rather a restatement of the Labor Contracts, Trust Agreements and Plan. Said documents are clear and speak for themselves.

9. The allegations contained in paragraph 9 of the Complaint are not averments of fact to which an answer is required but rather restatements of the Labor Contracts, Trust Agreements and Plan. Said documents are clear and speak for themselves.

10. The allegations contained in paragraph 10 of the Complaint are not averments of fact to which an answer is required but rather restatements regarding the Labor Contracts, Trust Agreements and Plan. Said documents are clear and speak for themselves.

11. The allegations in paragraph 11 of the Complaint are not averments of fact to which an answer is not required.

12. It is admitted that the Defendant has failed to pay certain funds due under the Labor Contracts, Trust Agreement and Plan. The Defendant, however, denies that the sum is at least $22,895.91. Defendant has filed all reports since September 2004. It appears payments may have been applied by the Funds to delinquencies other than to the reports to which the payment was attached. The amount of $22,895.91 comprises contributions, interest, liquidated damages and attorney fees. Obviously, the amount of contributions will have some affect on the amount of the other damages.

13. At this point in time, the Defendant cannot determine the amount owed due to the Fund applying payments contrary to the reports filed by Defendant. Finally, the Defendant denies the amount owing is $22,895.91.

14. The allegations contained in paragraph 14 of the Complaint are not averments of fact to which an answer is required.

15. Admitted that the Defendant has failed to pay all funds due. The remaining allegations are denied.

16. It is admitted that the Defendant has failed to make some payments but the refusal is due to the Company's financial situation as well as a disagreement over the amount owed. The Fund, however, has not reconciled its application of payments, which differs from the Defendant's payments attached to specific reports.

17. Defendant is without sufficient information to admit or deny the allegations in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 of the Complaint are not averments of fact to which an answer is required.

19. Admitted.

20. It is admitted that certain records of the Defendant may be helpful in determining the amount of liability. However, some of the other documents are within the exclusive possession, custody and control of the Fund.

21. Admitted.

22. It is admitted that no audit of the Defendant's books and records has been recently performed. It is denied that all required information has not been submitted. To the contrary, the Defendant believes that it has filed all necessary reports.

23. Paragraph 23 is not an averment of fact to which an answer is required, but rather a restatement of the various agreements between the parties. The various agreements are clear and speak for themselves.

24. The Defendant has never refused an audit of its books and records. In fact, an audit is scheduled for Monday, May 1, 2006 to which Defendant has consented.

25. Paragraph 25 is not an averment of fact to which an answer is required. The Defendant, however, has always allowed the Fund to audit its books and records whenever it has requested to do so, and will do so with regard to the upcoming audit scheduled for May 1, 2006.

26. The allegations in paragraph 26 of the Complaint are not averments of fact to which an answer is required.

27. Denied that Defendant has failed to make contributions with regard to any contributions required from September 2004 as alleged in paragraph 12 of the Complaint.

28. Defendant is without sufficient information to admit or deny the allegations in paragraph 28.

29. The allegations in paragraph 29 of the Complaint are not averments of fact to which an answer is required.

30. The allegations in paragraph 30 of the Complaint are not averments of fact to which an answer is required.

31. There is no question that the Funds need to audit books and records or review the various reports, which the Defendant has filed with the Fund. Likewise, the Defendant needs to review the accounting records of the Fund to make sure that the calculations are accurate and that payments made to the Fund have been otherwise properly posted.

32. The Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the complaint are not averments of fact to which an answer is required.

34. Denied that the Defendant has disregarded its obligations. Rather, Defendant has not made payments for certain of its contractual obligations due to a lack of money. For example, during the year ending 2005, MP Industries lost over $200,000).

35. It is denied that the Defendant will continue to "refuse" to submit remittance reports. As noted previously, the Defendant lost over $200,000 for fiscal year 2005, which explains the Special Payment Plan for delinquencies owed for contributions for July 2004 through November 2004 (which do not appear to be part of the present suit).

36. The allegations contained in paragraph 36 of the Complaint are not averments of fact in which an answer is required but rather a conclusion of law.

                                            /s/
                                Howard S. Stevens, DC Bar No.: 466924
                                Wright, Constable & Skeen, LLP
                                100 N. Charles Street, 16th Floor
                                Baltimore, MD  21201
                                Ph:  (410) 659-1300
                                *Attorneys for MP Industrial Coatings, Inc.*

Of Counsel:

Louis J. Kozlakowski, Jr.
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, MD  21201
Ph:  (410) 659-1300

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 28th day of April 2006, a copy of Defendant, M.P. Industrial Coatings, Inc.'s Answer to Complaint was served electronically on the following:

    Sanford G. Rosenthal
    Jennings Sigmond, PC
    The Penn Mutual Towers, 16th Floor
    510 Walnut Street
    Philadelphia, PA  19106


                                                    _____/s/_____
                                                         Howard S. Stevens