IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 06-328(ESH) |
| v. | ) ) | |
| M.P. INDUSTRIAL COATINGS, INC. a/k/a MP Industrial Coatings, Inc. | ) ) ) | |
| Defendant | ) ) | |

**MOTION FOR ENTRY OF SUPPLEMENTAL JUDGMENT
AGAINST DEFENDANT M.P. INDUSTRIAL COATINGS, INC.**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), by its undersigned counsel, respectfully moves this Court for the entry of a Supplemental Judgment in favor of the Pension Fund and against Defendant, M.P. Industrial Coatings, Inc. a/k/a MP Industrial Coatings, Inc. ("Company" or "Defendant"), for $160,234.15, including delinquent contributions, liquidated damages, interest and attorneys' fees and costs incurred by the Pension Fund in this matter in addition to that which is set forth in the Consent Judgment entered June 19, 2006 ("June 19, 2006 Judgment") attached hereto as Exhibit 1.

In support of this Motion, the Pension Fund states the following:

1. On June 8, 2006, the parties settled a delinquency owed to the Pension Fund by negotiating a Settlement Agreement ("Agreement"). A true and correct copy of the Agreement is attached as Exhibit 2.

2. The Agreement required the Defendant to comply with all terms and conditions stated.

173279-1

3.      Included in the Agreement, was the right of the Pension Fund to conduct an audit of the Company for all periods. See, Exh. 2, ¶8.

4.      Company agreed to pay the Pension Fund any additional amounts found owing by an audit, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Fund, ERISA and applicable law. Id.

5.      An audit conducted for the period January 1, 2002 through March 31, 2006 revealed that Defendant owes additional contributions in the amount of $108,541.42. See, Audit attached as Exhibit 3; See also, Montemore Declaration ("Montemore Decl."), ¶9, attached as Exhibit 4.

6.      The June 19, 2006 Judgment provides that Defendant shall pay the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and the rules and regulations of the Pension Fund, ERISA and applicable law. Defendant owes the Pension Fund $787.55 in audit costs. See, Montemore Decl., ¶12.

7.      Defendant also owes the Pension Fund liquidated damages in the amount of $21,708.29 on the unpaid contributions revealed by the Audit referenced in ¶5. See, Montemore Decl., ¶11.

8.      The Pension Fund also is owed interest of $16,837.41 through July 31, 2007 on additional unpaid contributions revealed by the audit referenced in ¶5 ($7,282.78 through June 23, 2006, the date of the audit, and $9,554.63 from June 24, 2006 through July 31, 2007) in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i). See, Montemore Decl., ¶10.

9. Defendant has failed to remain current with its post-judgment contributing and reporting obligations. Specifically, Defendant failed to remit contributions to the Pension Fund during the period July 2006 through December 2006, in accordance with the terms and conditions of Company's collective bargaining agreements with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC, the Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund (attached to Plaintiff's Complaint as Exhibit 1), the International Painters and Allied Trades Industry Pension Plan ("Plan") (relevant portions of which are attached to Plaintiff's Complaint as Exhibit 2), ERISA and applicable law. Defendant is delinquent to the Pension Fund in its payment of post-judgment contributions in the amount of $4,687.38 for the period of July 2006 through December 2006. See, Montemore Decl., ¶5.

10. Defendant also owes the Pension Fund liquidated damages in the amount of $937.48 on the unpaid contributions listed in ¶9. See, Montemore Decl., ¶7.

11. The Pension Fund also is owed interest of $283.76 through July 31, 2007 on the additional unpaid contributions listed in ¶9 in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i). See, Montemore Decl., ¶6.

12. In addition to entering judgment against Defendant for the delinquent amounts owed to the Pension Fund, the Pension Fund is permitted to apply to the Court for further reasonable attorneys' fees and costs for periods in which enforcement of the June 19, 2006 Judgment was sought. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004)

(citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

13.   The Pension Fund has incurred additional attorneys' fees and costs of $6,450.86 from June 23, 2006 through August 7, 2007. See, Lozano Decl., ¶4;[1] Exhibit 5.

**WHEREFORE**, the Pension Fund asks the Court to enter Supplemental Judgment against Defendant in the amount of $160,234.15 and grant the relief requested in the attached, proposed Order and Supplemental Judgment. Accompanying this Motion are a supporting memorandum of points and authorities, declarations, and a proposed supplemental judgment.

> Respectfully submitted,
>
> JENNINGS SIGMOND, P.C.
>
> BY: /s/ Sanford G. Rosenthal, Esquire
> SANFORD G. ROSENTHAL
> Bar No. 478737
> KENT CPREK
> Bar No. 478231
> PHILIP A. LOZANO*
> The Penn Mutual Towers, 16th Floor
> 510 Walnut Street, Independence Square
> Philadelphia, PA 19106-3683
> (215) 351-0611/0615/0669
> Attorneys for the Fund

Date: August 9, 2007

*Application for Pro Hac Admission of Philip A. Lozano shall be made at the appropriate time.

---

[1]   The Declaration of Philip A. Lozano ("Lozano Decl.") is attached to this Motion as Exhibit 5. The document referred to in the Lozano Decl. is attached to the Motion as Exhibit 6.