RECEIVED
JUN 12 2006

# JENNINGS SIGMOND

**ATTORNEYS AT LAW**
Jessica Tortella
Direct Dial: (215) 351-0669
E-Mail Address: jtortella@jslex.com

Member: PA & NJ Bars

JENNINGS SIGMOND, P.C.
THE PENN MUTUAL TOWERS
16TH FLOOR
510 WALNUT STREET
INDEPENDENCE SQUARE
PHILADELPHIA, PA 19106-3683
215-922-6700
FAX 215-922-3524

EDWARD DAVIS 1893-1987
M. H. GOLDSTEIN 1904-1971

June 8, 2006

**VIA OVERNIGHT MAIL**
Louis J. Kozlakowski, Esquire
Wright, Constable & Skeen, LLP
One Charles Center
16th Floor
100 North Charles Street
Baltimore, MD 21201

James Hamilos, Owner
M.P. Industrial Coatings, Inc.
13 Malibu Ct.
Towson, MD 27204

RE: International Painters and Allied Trades Industry Pension Fund v.
M.P. Industrial Coatings, Inc., et al.
Settlement Agreement—June 8, 2006

Dear Mssr. Kozlakowski and Hamilos:

This letter constitutes the agreement to settle the contribution delinquency of M.P. Industrial Coatings, Inc. a/k/a MP Industrial Coatings, Inc. ("Company") to the International Painters and Allied Trades Industry Pension Fund ("Pension Fund"). The terms of the settlement are as follows:

1. Company agrees it owes the Pension Fund $6,964.62 in delinquent contributions for the period of November 2005 through February 2006, interest on the delinquent contributions of $301.19 through May 30, 2006, liquidated damages of $4,536.40, late fees in the amount of $107.18 and attorneys' fees and costs of $5,535.38 through June 8, 2006. The total amount due the Pension Fund is $17,444.77 ("Total Debt").

2. The Pension Fund agrees to waive $4,944.77, representing the interest, late fees and liquidated damages, referred to in ¶1 if Company does not breach or violate the terms of this settlement agreement with respect to its obligations to the Pension Fund, thereby leaving the principal amount due the Pension Fund at $12,500.00 ("Settlement Sum"). In the event Company fully and timely complies with the provisions of this settlement agreement and timely submits to the Pension Fund all remittance reports and contributions for hours worked or paid to its covered employees through and including May 2008, the Pension Fund shall accept the Settlement Sum as payment in full, waiving a total of $4,944.77 ("Waiver Amount") in interest, late fees liquidated damages. Absent compliance, Company shall owe the Pension Fund the Waiver Amount plus interest calculated at the rate of 7% compounded daily from June 1, 2006 to the date of actual payment.

166617-1

EXHIBIT
2

Louis Kozlakowski, Esquire
M.P. Industrial Coatins
Settlement Agreement
June 8, 2006
Page 2

  3.  Company agrees to pay the Settlement Sum totaling $12,500.00 plus interest at the rate of 7% per annum compounded daily in accordance with the amortization schedule attached as Exhibit 1. All monthly payments shall be made by wire transfer and Company agrees to complete and execute the forms attached as Exhibit 2 in order to arrange for the wire transfer.

  4.  Company agrees to submit all remittance reports and contributions pursuant to the terms of any future collective bargaining agreement(s) entered into by it with the International Painters and Allied Trades.

  5.  To secure payment of amounts owed to the Pension Fund under this settlement, Company shall execute the Joint Stipulation for Entry of Consent Order and Judgment attached as Exhibit 3. The Joint Stipulation for Entry of Consent Order and Judgment shall be the aggregate amount of the Total Debt owed to the Fund.

  6.  Company agrees to the immediate entry of the Joint Stipulation for Entry of Consent Order and Judgment and to the registration of the judgment in all jurisdictions in which the Pension Fund deems appropriate to protect its rights and interests.

  7.  In order to further secure payment of the aggregate Total Debt owed to the Fund, James Hamilos, President of Company, will execute the Personal Guarantee ("Guarantee") attached as Exhibit 4.

  8.  The contribution amount set forth in ¶1 is based on remittance reports prepared by Company and submitted to the Pension Fund. The Pension Fund retains the right to conduct an audit of all relevant periods including time periods covered by this Agreement. Company, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Company, shall submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger, cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Company shall pay to the Pension Fund any additional amounts found owing by such audit, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Fund, ERISA and applicable law.

  9.  In the event Company breaches any of the terms of this settlement agreement and such default is not timely cured as provided below, the Pension Fund will be entitled to take such actions as it reasonably deems appropriate to collect all amounts owed to it by Company. The amount recoverable by the Pension Fund shall be the Total Debt less payments made to the date of default and amortized to principal and interest and, in addition, the Pension Fund also shall be

168847-2

Louis Kozlakowski, Esquire
M.P. Industrial Coatins
Settlement Agreement
June 8, 2006
Page 3

entitled to recover all attorneys' fees and costs and related collection costs it incurs as a result of a breach of this agreement by Company that is not timely cured. A breach of this settlement agreement shall occur in the event:

(a) Company fails to timely remit any monthly installment payment and/or fails to maintain a sufficient balance in its bank account(s) so as to allow for a complete wire transfer of any installment payment.

(b) Any check provided by Company is dishonored by the bank when presented for payment

(c) Company submits even one untimely contribution to the Pension Fund.

(d) Company submits even one untimely remittance report to the Pension Fund.

(e) Any material representation, statement, or warranty made by Company in this settlement agreement or any document executed in connection with this settlement agreement shall prove to have been incorrect in any material respect when made.

(f) A receiver, trustee or liquidator shall be appointed with respect to all or a substantial portion of the assets of Company

(g) Company shall be unable, or admits in writing its inability, to pay its debts as they become due, other than the debt which is the subject of this settlement agreement.

(h) Company makes a general assignment for the benefit of creditors, becomes subject (voluntarily or involuntarily) to any state bankruptcy or insolvency proceeding or becomes a debtor in a proceeding under Title 11, U.S.C., or makes or files an arrangement with creditors in order to take advantage of any insolvency law.

(i) Company fails to cooperate in the conduct of the audit provided for in ¶8 above.

Upon the occurrence of any one or more of the foregoing events, unless cured within ten (10) days after Company receives written notice of the event of default from the Pension Fund or its counsel with respect to events described in ¶9(a), (b), (c), (d), (e), (g) and (i) or within forty-five

168847-2

Louis Kozlakowski, Esquire
M.P. Industrial Coatins
Settlement Agreement
June 8, 2006
Page 4

(45) days for events described in ¶9(f) and (h) by the dismissal of such proceedings, the Pension Fund shall have the right, but not the obligation, to immediately execute on the Judgment or to take any other action which the Pension Fund deems appropriate in its sole and exclusive discretion. To successfully cure a default with respect to events described in ¶9(a), (b), (c) or (d), Company must submit, within the said ten (10)-day period, the missing installment payment, contribution and/or remittance report that was the subject of the notice plus all other installment payments, contributions and/or remittance reports which become due during the ten (10) day period. The failure of the Pension Fund to exercise any of its rights upon the occurrence of an event of default shall not waive or prevent exercise of those rights upon a later default. In connection with any proceeding described in ¶9(f) and ¶9(h) above, in addition to any other rights it may have, the Pension Fund shall be entitled to file claims for the then full outstanding principal balance (together with accrued interest) of the Total Debt as set forth in ¶1 above.

10.     The Pension Fund agrees not to commence any action to enforce the Judgment or commence any action to recover the amounts owed by Company as long as Company is in compliance with all terms of this Settlement Agreement.

11.     Notwithstanding the foregoing, the parties to the Agreement understand and agree that nothing contained herein shall in any manner relate to or otherwise limit the obligations of Company or the rights of the Pension Fund with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C.§1381 et seq.

12.     The obligation of the Pension Fund to provide Company with written notice of the occurrence of an event of default pursuant to the terms of this settlement agreement may be satisfied by faxing or mailing the notice by first class mail to James Hamilos, M.P. Industrial Coatings, Inc.
13 Malibu Ct. Towson, MD 27204 fax: (410) 477-6507. Notices to the Pension Fund shall be sent to the Pension Fund by first class mail addressed to Gary Meyers, IUPAT Industry Pension Fund, 1750 New York Ave., N.W., Ste. 501, Washington, DC 20006. Copies of any notices to the Pension Fund shall be faxed and mailed by first class mail to Jessica L. Tortella, Esquire, Jennings Sigmond, The Penn Mutual Towers, 16th Floor, 510 Walnut Street, Philadelphia, PA 19106-3683, fax: (215) 922-3524.

13.     This Settlement Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Settlement Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement.

Please have Company and Mr. Hamilos indicate their agreement to the terms of this settlement by having this Settlement Agreement, the Electronic Wire Authorization Form, the Joint Stipulation for Entry of Consent Order and Judgment completed and signed by authorized

168847-2

Louis Kozlakowski, Esquire
M.P. Industrial Coatins
Settlement Agreement
June 8, 2006
Page 5

representatives of Company and Mr. Hamilos, and notarized. Once all documents have been fully completed and executed return them to *by overnight service on or before June 15, 2006.*

If you should have any questions, please do not hesitate to call.

Sincerely,

JESSICA L. TORTELLA

JLT
ptintf.27825.c
mp industrial
Enclosures
cc:     Tom Montemore

## WE HEREBY ACCEPT THIS SETTLEMENT AGREEMENT.

Witness:                                                  International Painters and Allied Trades Industry Pension Fund

                                                          By: _____
_____                              Thomas C. Montemore, Assistant to the Fund
                                                              Administrator of the Fund's Board of Trustees

                                                          M.P. Industrial Coatings, Inc.

Date: 6-9-06                                              By: _____
WITNESS: FLORENCE WORSDELL                                    James Hamilos, On Behalf of M.P. Industrial
                                                              Coatings, Inc.

Date: 6-9-06                                              By: _____
WITNESS: FLORENCE WORSDELL                                    James Hamilos, Individually

Sworn and subscribed to before me this      day of              , 2006.

_____
       Notary Public
My commission expires: _____

168847-2

## M.P. Industrial Coatings, Inc. Payment Schedule

Compound Period ......... : Daily

Nominal Annual Rate .... : 7.000 %

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 05/31/2006 | 12,500.00 | 1 | | |
| 2 Payment | 06/15/2006 | 558.16 | 24 | Monthly | 05/15/2008 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 05/31/2006 | | | | 12,500.00 |
| 1 | 06/15/2006 | 558.16 | 36.01 | 522.15 | 11,977.85 |
| 2 | 07/15/2006 | 558.16 | 69.11 | 489.05 | 11,488.80 |
| 3 | 08/15/2006 | 558.16 | 68.50 | 489.66 | 10,999.14 |
| 4 | 09/15/2006 | 558.16 | 65.58 | 492.58 | 10,506.56 |
| 5 | 10/15/2006 | 558.16 | 60.62 | 497.54 | 10,009.02 |
| 6 | 11/15/2006 | 558.16 | 59.68 | 498.48 | 9,510.54 |
| 7 | 12/15/2006 | 558.16 | 54.87 | 503.29 | 9,007.25 |
| 2006 Totals | | 3,907.12 | 414.37 | 3,492.75 | |
| 8 | 01/15/2007 | 558.16 | 53.70 | 504.46 | 8,502.79 |
| 9 | 02/15/2007 | 558.16 | 50.70 | 507.46 | 7,995.33 |
| 10 | 03/15/2007 | 558.16 | 43.05 | 515.11 | 7,480.22 |
| 11 | 04/15/2007 | 558.16 | 44.60 | 513.56 | 6,966.66 |
| 12 | 05/15/2007 | 558.16 | 40.19 | 517.97 | 6,448.69 |
| 13 | 06/15/2007 | 558.16 | 38.45 | 519.71 | 5,928.98 |
| 14 | 07/15/2007 | 558.16 | 34.21 | 523.95 | 5,405.03 |
| 15 | 08/15/2007 | 558.16 | 32.23 | 525.93 | 4,879.10 |
| 16 | 09/15/2007 | 558.16 | 29.09 | 529.07 | 4,350.03 |
| 17 | 10/15/2007 | 558.16 | 25.10 | 533.06 | 3,816.97 |
| 18 | 11/15/2007 | 558.16 | 22.76 | 535.40 | 3,281.57 |
| 19 | 12/15/2007 | 558.16 | 18.93 | 539.23 | 2,742.34 |
| 2007 Totals | | 6,697.92 | 433.01 | 6,264.91 | |
| 20 | 01/15/2008 | 558.16 | 16.35 | 541.81 | 2,200.53 |
| 21 | 02/15/2008 | 558.16 | 13.12 | 545.04 | 1,655.49 |
| 22 | 03/15/2008 | 558.16 | 9.23 | 548.93 | 1,106.56 |
| 23 | 04/15/2008 | 558.16 | 6.60 | 551.56 | 555.00 |
| 24 | 05/15/2008 | 558.16 | 3.16 | 555.00 | 0.00 |
| 2008 Totals | | 2,790.80 | 48.46 | 2,742.34 | |
| Grand Totals | | 13,395.84 | 895.84 | 12,500.00 | |

## M.P. Industrial Coatings, Inc. Payment Schedule

Last interest amount decreased by 0.04 due to rounding.



# *International Painters and Allied Trades Industry Pension Fund*

## Electronic Transfer Authorization

Please type or print the following information:

| Customer Information | |
|---|---|
| **Business Name** | M.P. Industrial Coatings Inc. |
| **Address** | 600 Shipyard Raod |
| | Sparrows Point, MD 21219 |
| **Contact Name** | James Hamilos |
| **Telephone #** | 410-477-6500 |
| *Your Account Information (The account from which the money will be deducted)* | |
| **Bank Name** | 1ST MARINER BANK |
| **Bank Contact & Telephone #** | 410-342-2600 |
| **Account #** | 1375539 |
| **Routing/Transit #** | 252070752 |
| **Type of Account** | CHECKING |
| *Transfer Information* | |
| **How much is to be transferred?** | $558.16 |
| **Date of First Transfer** | June 15, 2006 |
| **Date of Last Transfer** | May 15, 2008 |
| **How often will transfer occur?** | Once per month |
| *Customer Signature* | [signed] |

By signing below, you are authorizing the IUPAT Industry Pension Fund to make the transfer(s) as shown above, for the time period and occurrence(s) as stated above.

_____ Signature    _____ Date

If you have any questions regarding this authorization, please contact our office at 1750 New York Avenue, NW, Washington, DC 20006, (202) 783-4884.

IUPAT Industry Pension Fund Use Only

| Approved by: | Date: |
|---|---|

168847-2

# PERSONAL GUARANTEE

I, James Hamilos, have read and understand the terms, provisions and conditions of the Settlement Agreement between the IUPAT Industry Pension Fund ("Pension Fund") and M.P. Industrial Coatings, Inc. a/k/a MP Industrial Coatings, Inc. ("Company") which is incorporated herein as if fully restated. In consideration of the consent by the Pension Fund to the settlement agreement, I personally guarantee the payments that Company has agreed to make, and agree as follows:

1. Upon the occurrence at any time of any event of default set forth in the settlement agreement to which this Personal Guarantee is attached or other breach of such settlement agreement by Company, that has not been timely cured in accordance with the terms of the settlement agreement, I will pay the then full outstanding principal balance of the Total Debt due and owing to the Pension Fund together with interest accrued to the date of payment and all such other contributions, liquidated damages, interest, late charges and attorneys' fees and costs due and owing to the Pension Fund within ten (10) days after receipt of a written demand for payment by the Pension Fund. Delivery by first-class mail to the following address shall be conclusive proof, though not the only means of proving receipt of a written demand:

Address to which notice should be sent:

Mr. James Hamilos

13 Malibu Court

Towson, MD 27204

2. The Pension Fund may demand payment from me at any time after the occurrence of an event of default described in the settlement agreement that has not been timely cured in accordance with the terms of the settlement agreement, and I waive any defense of untimeliness or dilatoriness against a demand for payment.

Name (signature): _____　　WITNESS _____

Relation to the Company: PRESIDENT　　　　　　　FLORENCE WORSDELL

Home Address: 13 Malibu Ct.

Social Security #: 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

Sworn and subscribed to before me this _____ day of _____, 2006.

_____
Notary Public

My commission expires: _____

168847-2