IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>        Plaintiff<br>v.<br><br>M.P. INDUSTRIAL COATINGS, INC.<br>  a/k/a MP Industrial Coatings, Inc.<br><br>        Defendant | Civil Action No.<br>06-328(ESH) |

## DECLARATION OF THOMAS C. MONTEMORE

Thomas C. Montemore states under penalty of perjury that the following is true and correct:

1. My name is Thomas C. Montemore and I am the Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund", "Fund" or "Plaintiff"). I have held that position since February 1, 2000. I served as Delinquency Controller from 1988 through October 31, 2000 and I have served as the Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from 1982 to 1986, and File Clerk beginning in 1979.

2. The Pension Fund is an "employee benefit pension plan" as defined in Section 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. §1002(A)(i), established by the International Brotherhood of Painters and Allied Trades, AFL-CIO-CFL ("Brotherhood"), and employers in private industry whose employees are members of or otherwise represented by the Brotherhood and its district councils and local unions, for the purpose of providing retirement income to the


EXHIBIT 4

employees. The Pension Fund is administered in the District of Columbia from its and my principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

3. M.P. Industrial Coatings, Inc. a/k/a MP Industrial Coatings, Inc. ("Company") is an employer in Sparrows Point, Maryland in an industry affecting interstate commerce. Company is currently a contributing employer of the Pension Fund as Company is bound to a collective bargaining agreement with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC. For all times relevant to this action, Company has remained signatory to a collective bargaining agreement with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC. Under the terms of the collective bargaining agreement, Company is bound to the Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund and the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Pension Fund's Trust Agreement is attached to the Complaint as Exhibit 1. A true and correct copy of the relevant provisions of the Plan is attached to the Complaint as Exhibit 2. The collective bargaining agreement requires Company to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit, and sets forth the rate of contribution and the method for calculating the total amount of contributions due the Pension Fund. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreements. Failure to make the required contributions, or to submit both incorrect or late remittance reports and contributions, results in a delinquency to the Pension Fund.

4. Defendant has defaulted on the June 8, 2006 settlement agreement. A balance of $5,550.24 remains outstanding on the June 19, 2006 Consent Order and Judgment ("Judgment").

5. Based upon information currently available to the Pension Fund, Defendant presently owes the Pension Fund contributions for the period of April 2006 through the present in the amount of $4,687.38. This amount includes estimates for the periods August 2006, September 2006, October 2006 and December 2006, time periods in which Defendant has failed to submit both contributions <u>and</u> remittance reports to the Pension Fund. For those months in which the Pension Fund has not received remittance reports and corresponding contributions, the Pension Fund is forced to estimate an amount due from Defendant. The estimate is reached by averaging the three months of contributions prior to the first month in which no report is received. Using this methodology, the Pension Fund has calculated estimated amounts due for the periods August 2006, September 2006, October 2006 and December 2006 as follows:

| MONTH | AMOUNT |
|---|---|
| August 2006 | $1,177.46 |
| September 2006 | $2,090.02 |
| October 2006 | $ 912.56 |
| December 2006 | $ 477.29 |
| TOTAL | $4,657.33 |

The July 2006 remittance report shows that the Company was short $30.05. This brings the total delinquency for this period, estimated and actual, to $4,687.38.

6. Defendant owes interest through July 31, 2007, in the amount of $283.76 on the unpaid pension contributions listed in ¶5. This interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at Section 10.12 of the Plan.

7. As a result of Defendant's failure to submit required contributions and failure to submit contributions in a timely manner, the Pension Fund is owed $937.48 in liquidated damages on the delinquency contributions indicated in ¶5. Section 10.12 of the Plan parallels

Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2), and requires the assessment of liquidated damages in an amount equal to the greater of the following: the amount of interest owed on the delinquent contributions, or twenty percent (20%) of the delinquent contributions. As noted above, the total interest owed through July 31, 2007 is $283.76. Twenty percent (20%) of the delinquent contributions from ¶5 equals $937.48. Since this amount is greater than the interest amount, the Defendant owes $937.48 in liquidated damages.

8. Company is required to submit to one or more compliance audits for all periods in which it is required to make fringe benefit contributions to the Pension Fund. These audits are designed to ensure that signatory employers, such as the Company, are remitting the proper amount of contributions each month.

9. Defendant owes additional contributions in the amount of $108,541.42 for the period January 1, 2002 through March 31, 2006 as revealed by an audit conducted for that period.

10. Defendant owes interest through July 31, 2007 in the amount of $16,837.41 on the unpaid pension contributions listed in ¶9. This interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at Section 10.12 of the Plan.

11. As a result of Defendant's failure to submit required contributions and failure to submit contributions in a timely manner, the Pension Fund is owed $21,708.29 in liquidated damages on the delinquent contributions indicated in ¶9. Section 10.12 of the Plan parallels Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2), and requires the assessment of liquidated damages in an amount equal to the greater of the following: the amount of interest owed on the delinquent contributions, or twenty percent (20%) of the delinquent contributions. As noted above, the total interest owed through July 31, 2007 on the contributions indicated in ¶9 is $16,837.41. Twenty percent (20%) of the delinquent contributions from ¶9 equals $21,708.29.

Since this amount is greater than the interest amount, the Defendant owes $21,708.29 in liquidated damages.

12. Defendant owes audit costs of $787.55 for the audit conducted for the period January 1, 2002 through March 31, 2006.

13. Despite a continuing contractual obligation to do so, Defendant repeatedly fails to submit timely remittance reports and pension contributions. The Pension Fund and its Trustees are required to pay pensions to all properly vested employees of contributing employers. Employees of contributing employers continue to accrue pension credits, based on the hours of their employment, regardless of whether their employers make pension contributions on their behalf for these hours, as contractually required. The Pension Fund's obligation to recognize these pension credits and to pay pensions to vested employees is absolute and continues even if an employer fails to pay its required pension contributions. Defendant's refusal to contribute as it is bound results in irreparable harm and injury to the Pension Fund -- an obligation to make pension payments to employees without the necessary pension contributions from Defendant to cover those benefits. Moreover, whenever Defendant fails to submit remittance reports, accurately reflecting the number of hours for which its employees received pay, Defendant prevents the Pension Fund from calculating the proper pension credits due to Defendant's employees. Defendant, therefore, should be required to submit timely remittance reports and pension contributions in the future.

14. I have executed this Declaration in support of Plaintiff's Motion for Entry of Supplemental Judgment, and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Pension Fund and other facts stated in this Declaration.

14. allegations contained in the Complaint of the Pension Fund and other facts stated in this Declaration.

                I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on: 7/17/07

THOMAS C. MONTEMORE