UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | * * | |
| Plaintiffs | * | Case No.: 1:06-CV-00328 (ESH) |
| v. | * | |
| M.P. INDUSTRIAL COATINGS, INC. a/k/a MP Industrial Coatings, Inc. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant, M.P. Industrial Coatings, Inc. by its legal counsel files this Memorandum in support of its Motion to Dismiss Plaintiff's Motion for Entry of Supplemental Judgment.

**I.   Breach Of The Settlement Agreement Is An Independent Cause Of Action**

The basis for Plaintiff's Motion for Supplemental Judgment is a Settlement Agreement entered into between the parties on June 8, 2006. (See paragraph 1 of Plaintiff's Motion). The Consent Order and Judgment of June 19, 2006, however, makes no reference to the Settlement Agreement.

Plaintiff actually seeks enforcement of the settlement agreement, and not merely reopening of the Consent Order and Judgment. Plaintiff seeks $147,874.93 under the terms of the Settlement Agreement. To boot strap its Motion, however, Plaintiff also request $5,908.62 for unpaid amounts under the Consent Order and Judgment, plus attorney fees of $6,450.86, allegedly expended in seeking enforcement of the Consent Order.

199761 v. (10542.00001)

The Consent Order entered judgment for $17,444.77 plus interest at the rate of 7% from May 30, 2006. There is no need for the Court to recalculate the amount of the judgment. The Consent Order is perfectly clear which is why Plaintiff was able to make that calculation. The Plaintiff is merely advising the Court that $5,908.62 (principal and interest) remains unpaid under the Consent Order.

With regard to attorney fees, the time entries clearly show that those fees were incurred solely to enforce the settlement agreement as opposed to the Consent Order. There is no reference in any of the time entries concerning enforcement of the Consent Order ($5,908.62).

Without the Court incorporating the Settlement Agreement into the Order or retaining jurisdiction over the Settlement Agreement, Plaintiff must file new cause of action against Defendant. See <u>Kokkonen v. Guardian Life Ins. Co</u>., 551 U.S. 375,380-381, 114 S. Ct. 1673 (1994).

**II.     Plaintiff Has Failed To Comply With Civ. Rule 60 (b) To Re-Open The Case**

The docket sheet clearly indicates:

**WARNING:  CASE CLOSED on 06/19/2006**

Federal Rule of Civil Procedure 60 (b) requires any motion to relieve a party from a final judgment to be made within a reasonable time and "not more than one year after the judgment, order, or proceeding was entered or taken."

Plaintiff knew when it signed the Settlement Agreement on June on June 8, 2006 that it had already authorized an audit of Defendant's books and records.[1] The audit report was issued on June 15, 2006 before entry of the Consent Order and Judgment on June 19, 2006. The audit report shows a deficiency of $10,541.39, audit fees of $787.55 and interest of $7,282.78, the same amounts requested in Plaintiff's Motion.

---

[1] The audit report attached to Plaintiff's Motion indicates that the date of review was "05/01/06."

3

Notwithstanding the fact that Plaintiff had the audit information prior to entry of the Consent Order on June 19, 2006, Plaintiff waited to begin preparation of a Motion for Supplemental Judgment until October 2006. For whatever reason, Plaintiff waited then waited until August 9, 2007 to file a Motion for Supplemental Judgment, well past the one-year period allowed in Rule 60(b).

WHEREFORE, it is requested that the Court deny Plaintiff's Motion for Entry of Supplemental Judgment as the Court did not retain jurisdiction over the Settlement Agreement and Plaintiff's Motion was filed well beyond the one-year period allowed under Federal Rule of Civil Procedure 60(b).

_____/s/_____
Howard S. Stevens, DC Bar No.: 466924
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, MD  21201
Ph:  (410) 659-1300
*Attorneys for MP Industrial Coatings, Inc.*