IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) | | |
| TRADES INDUSTRY PENSION FUND ) | | |
| ) | Civil Action No. | |
| Plaintiff ) | 06-328(ESH) | |
| v. ) | | |
| ) | | |
| M.P. INDUSTRIAL COATINGS, INC. ) | | |
| a/k/a MP Industrial Coatings, Inc. ) | | |
| ) | | |
| Defendant ) | | |

PLAINTIFF'S REPLY TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
MOTION FOR ENTRY OF SUPPLEMENTAL JUDGMENT

INTRODUCTION

International Painters and Allied Trades Industry Pension Fund ("Plaintiff" or "Pension Fund"), by and through its legal counsel, Jennings Sigmond, submits this Reply to the Motion to Dismiss filed by M.P. Industrial Coatings, Inc. a/k/a MP Industrial Coatings, Inc. ("Company" or "Defendant") and states as follows:

1. Plaintiff filed a Complaint on February 24, 2006 seeking outstanding contributions in the amount of $22,895.91 in addition to an audit.

2. Defendant filed its answer on April 28, 2006.

3. The Pension Fund conducted a contribution compliance audit on May 1, 2006.

4. Subsequent to the audit, but prior to the release of the audit results, the parties entered into the June 8, 2006 Settlement Agreement ("Agreement"). A true and correct copy of the Agreement is attached as Exhibit 1.

187161-1

5. The Agreement was secured by (1) a Joint Stipulation for Entry of Consent Order and Judgment, and (2) a Personal Guarantee executed by James Hamilos *(See* Exhibit 1, ¶5 and ¶7).

6. A Stipulation for Entry of a Consent Order and Judgment was executed on June 9, 2006 ("Consent Order"), filed on June 19, 2006, and entered by the Court on June 23, 2006. A true and correct copy of the Consent Order and Stipulation for Entry of A Consent Order is attached as Exhibit 2.

7. The audit report, completed on June 15, 2006, was sent to the Company on August 10, 2006, accompanied by a letter giving Company five (5) days to dispute the audit findings with supporting documentation or seven (7) days to pay the audit discrepancy in full. A true and correct copy of the August 10, 2006 letter and the audit are attached as Exhibit 3.

8. Plaintiff received a letter disputing the audit on August 18, 2006. The letter indicated that Defendant would respond to the audit by September 6, 2006. A true and correct copy of the August 18, 2006 letter is attached as Exhibit 4.

9. Plaintiff received a letter on September 21, 2006, dated September 19, 2006, which disputed the audit results but did not provide supporting documentation. A true and correct copy of the September 19, 2006 letter is attached as Exhibit 5.

10. Plaintiff sent a default notice to Defendant on February 19, 2007 giving Defendant ten (10) days to pay the audit and submit outstanding contributions and remittance reports for the period July 2006 through December 2006 (excluding November 2006). A true and correct copy of the February 19, 2007 is attached as Exhibit 6.

11. Company failed to comply with the Agreement and the Pension Fund filed a Motion for Entry of Supplemental Judgment seeking recovery of all outstanding amounts in accordance with ¶10 of the Agreement.

For the reasons set forth below, Plaintiff respectfully requests that the Motion to Dismiss Plaintiff's Motion for Entry of Supplemental Judgment be denied. In the alternative, in the event the Court dismisses the Motion for Supplement Judgment, Plaintiff asks that the Motion be dismissed without prejudice.

## STATEMENT OF FACTS

Plaintiff is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). (*See* Complaint, ¶4).

Company is or was a party to or agreed to abide by the terms and conditions of a collective bargaining agreement with Local 51 ("Labor Contract"). (*See* Labor Contract, attached as Exhibit 7). Company also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's Rules and Regulations ("Rules and Regulations"). (*See* Trust Agreement and Rules and Regulations, attached as Exhibits 8 and 9, respectively).

Under the Labor Contract, Trust Agreement, Rules and Regulations and applicable law, Company is required to make monthly contributions to Plaintiff. (*See* Exhibit 7, Article XXI, §1(a); Exhibit 8, Article VI; Exhibit 9, §10.04). The Labor Contract and Trust Agreements further require Company to submit to audits to determine the accuracy of the contributions made to contributions to Plaintiff. (*See* Exhibit 7, Article XXI, §1(a); Exhibit 8, §Article VI, §6).

187161-1                                                3

When Company failed to pay contributions for the period September 2004 through February 2006, Plaintiff initiated the this lawsuit against Defendant seeking delinquent contributions and an audit of all of Company's payroll and related records. (*See* Docket Entry # 1).

Defendant filed an Answer on April 28, 2006. Shortly thereafter, on May 1, 2006, the Pension Fund conducted a contribution compliance audit. (*See* Exhibit 3). Prior to the release of the audit results, the Pension Fund and Company entered into the Agreement. (*See* Exhibit 1). The Agreement secured payment of amounts owed to the Pension Fund by requiring, *inter alia*, that Defendant execute the Joint Stipulation for Entry of Consent Order and Judgment ("Stipulation"). (*See* Exhibit 1, ¶5). In pertinent part, the Agreement states as follows:

> To secure payment of amounts owed to the Pension Fund under this settlement, Company shall execute the Joint Stipulation for Entry of Consent Order and Judgment attached as Exhibit 3. The Joint Stipulation for Entry of Consent Order and Judgment shall be the aggregate amount of the Total Debt owed to the Fund.

(*See* Exhibit 1, ¶5).

The parties executed the Stipulation, which was filed with the Court on June 19, 2006 and entered on June 23, 2006. (*See* Exhibit 2). Plaintiff promised "not to commence any action to enforce the Judgment or commence any action to recover the amounts owed by Company as long as Company is in compliance with all terms of this Settlement Agreement" (*See* Exhibit 1, ¶10) In order to be in compliance with the terms of the Settlement Agreement, Company was required "to submit all remittance reports and contributions pursuant to the terms of any further collective bargaining agreement(s) entered into by it with the International Painters and Allied Trades" (*See* Exhibit 1, ¶4). Company did not remain in compliance with the Agreement as it failed to submit contributions and remittance reports for the period July 2006 through October 2006 and the month of December 2006.

187161-1

In addition to requiring that Company remain current in the payment of contributions and filing of remittance reports, the Agreement also provides that the Pension Fund is entitled to audit all relevant periods, including periods covered by the Agreement. (*See* Exhibit 1, ¶4, ¶8). In pertinent part, Paragraph of the Agreement states:

> The contribution amount set forth in ¶1 is based on remittance reports prepared by Company and submitted to the Pension Fund. *The Pension Fund retains the right to conduct an audit of all relevant periods including time periods covered by this Agreement*. Company, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Company, shall submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger, cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Company shall pay to the Pension Fund any additional amounts found owing by such audit, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Fund, ERISA and applicable law.

*(See* Exhibit 1, ¶8)(emphasis added).

On May 1, 2006, prior to the execution of the Agreement and the entry of the Stipulation, the Pension Fund conducted a contribution compliance audit. (*See* Exhibit 3). The audit report was completed on June 15, 2006 and revealed additional contributions owed for the period covered by the Consent Judgment as well as periods subsequent to the entry of the Consent Judgment. (*Id.*) The audit reflects that Defendant owes additional contributions in the amount of $108,537.79 for the period January 1, 2002 through March 31, 2006. (*Id.*)

The audit report was sent to the Company on August 10, 2006 for review. The letter accompanying the audit report invited Defendant to dispute the audit, with supporting documentation, within five (5) days or to pay the audit delinquency in full within seven (7) days. (*See* Exhibit 3). On September 19, 2006, Defendant disputed the audit results but failed to offer

187161-1                                       5

any evidence or provide any supporting documentation of its claims. (*See* Exhibit 5). On February 19, 2007, Plaintiff sent a default notice regarding Defendant's failure to pay the delinquencies revealed by audit and failure to submit remittance reports or contributions for the period July 2006 through October 2006 and the month of December 2006. (*See* Exhibit 6).

Defendant failed to cure and Plaintiff filed its Motion for Entry of Supplement Judgment in an effort to collect all outstanding amounts in accordance with ¶10 of the Agreement.

### ARGUMENT

**I.  PLAINTIFF IS ENTITLED TO SUPPLEMENTAL JUDGMENT AS A RESULT OF DEFENDANT'S FAILURE TO PAY AMOUNTS REVEALD BY AUDIT AS WELL AS SUBMIT ALL REPORTS AS REQUIRED BY THE CONSENT JUDGMENT**

An audit of Company's books and records was conducted on May 1, 2006. With knowledge that the audit had been conducted, but the audit report not yet complete, Company executed the Settlement Agreement dated June 8, 2006. *See* Exhibit 1. The Agreement was secured by (1) a Joint Stipulation for Entry of Consent Order and Judgment which was executed on June 9, 2006, filed on June 19, 2006, and entered by the Court on June 23, 2006, and (2) a Personal Guarantee executed by James Hamilos. *See* Exhibit 1, ¶5 and ¶7; Exhibit 2.

Plaintiff promised "not to commence any action to enforce the Judgment or commence any action to recover the amounts owed by Company as long as Company is in compliance with all terms of this Settlement Agreement." *See* Exhibit 1, ¶10. In order to be in compliance with the terms of the Settlement Agreement, Company was required "to submit all remittance reports and contributions pursuant to the terms of any further collective bargaining agreement(s) entered into by it with the International Painters and Allied Trades." *See* Exhibit 1, ¶4. Company failed to submit contributions and remittance reports for the period July 2006 through October 2006 and the month of December

2006 in a timely manner and the Pension Fund is entitled to initiate this action to recover the amounts owed.

Company also owes the Pension Fund the delinquent amounts revealed by the audit. The Pension Fund never relinquished its right to audit Company. In the Agreement, the Pension Fund acknowledged that the "contribution amount set forth in ¶1 is based on remittance reports prepared by Company and submitted to the Pension Fund." *See* Exhibit 1, ¶8. Therefore, the Pension Fund specifically retained its right to audit all relevant periods including time periods covered by this Agreement." *Id.*

The audit report was sent to the Defendant on August 10, 2006. *See* Exhibit 3. Plaintiff received a letter disputing the audit on August 18, 2006. *See* Exhibit 4. The letter indicated that Defendant would respond to the audit by September 6, 2006. *Id*. Plaintiff received a letter on September 21, 2006, dated September 19, 2006, which disputed the audit results but did not provide supporting documentation. *See* Exhibit 5. Plaintiff sent a default notice to Defendant on February 19, 2007 giving Defendant ten (10) days to pay the audit and submit outstanding remittance reports. *See* Exhibit 6.

Defendant violated the terms of Agreement by failing to stay current with its contribution obligations and Plaintiff is entitled to execute on the Consent Judgment. Furthermore, Plaintiff is entitled to a Supplemental Judgment to include all amounts defaulted under the Agreement. Defendant argues that the Court does not have jurisdiction over the breach of the Agreement because the Court did not expressly retain jurisdiction. This assertion is incorrect and Defendant's motion should be denied.

Federal courts "have a duty to enforce, interpret, modify, and terminate their consent decrees as required by the circumstances." <u>Waste Management of Ohio, Inc., v. City of Dayton,</u>

132 F.3d 1142, 1146 (6th Cir.1997). Therefore, a federal court has inherent jurisdiction over its judgments that have a prospective effect. *Id.* at 1145. Even where a consent decree does not expressly grant the court jurisdiction, "courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." <u>Vanguards of Cleveland v. City of Cleveland, 23 F.3d 1013, 1018 (6th Cir.1994)</u>.

Here, the Court has entered a Consent Judgment and Plaintiff is requesting that the Court modify the Consent Judgment to include the additional amounts which have accrued as a result of Company's failure to comply with the terms and conditions of the Agreement and the Consent Judgment. Defendant has violated the Agreement by failing to pay amounts due under the audit and failing to timely submit remittance reports and contributions to the Pension Fund. The Court is well within its right to enforce agreements entered into in settlement of any litigation pending before it.

187161-1

8



## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Defendant's Motion be denied in its entirety.  However, if the Court decides to grant Defendant's Motion, Plaintiff asks that its Motion for Entry of Supplement Judgment be denied without prejudice.

                Respectfully Submitted,

                JENNINGS SIGMOND

          BY: /s/ Sanford G. Rosenthal
                SANFORD G. ROSENTHAL
                D.C. Bar No. 478737
                The Penn Mutual Towers, 16th Floor
                510 Walnut Street, Independence Square
                Philadelphia, PA 19106-3683
                (215) 351-0611

                Counsel for Plaintiff

Date: August 31, 2007

Of Counsel:
Philip A. Lozano, Esquire
Jennings Sigmond
The Penn Mutual Towers, 16th Fl.
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0669

187161-1                9