UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | * * | |
| Plaintiffs | * | Case No.: 1:06-CV-00328 (ESH) |
| v. | * | |
| M.P. INDUSTRIAL COATINGS, INC. a/k/a MP Industrial Coatings, Inc. | * * | |
| Defendant | | |

* * * * * * * * * * * * *

### REPLY TO PLAINTIFF'S [REPLY] TO DEFENDANT'S MOTION TO DISMISS[1]

Defendant, M.P. Industrial Coatings, Inc., ("Defendant") by its undersigned counsel, hereby replies to Plaintiff's [Reply] to Defendant's Motion to Dismiss and states as follows:

1. Plaintiff's [Reply] is based on an audit and Settlement Agreement, which were not incorporated into the Consent Order drafted by its own attorney.

2. The Consent Order (filed June 19, 2006 and signed June 23, 2006) makes no reference to an audit that had already been performed (May 1, 2006), an audit report issued June 15, 2006 or a Settlement Agreement executed on June 9, 2006.

3. Plaintiff's reliance on *Waste Management of Ohio, Inc. v City of Dayton*, 132 F. 3d 1142 (6th Cir. 1997) is misplaced.[2]  There the Settlement Agreement, which resolved the lawsuit, was incorporated into a consent decree entered and approved by the district court. *Id*.

---

[1] Plaintiff filed a "reply" instead of an "opposition" to Defendant's Motion to Dismiss. Accordingly, Defendant files this reply to what in actuality was an "opposition."

[2] The Appellant filed a Motion for Clarification of the Consent Decree and for Supplemental Relief Pursuant to the Settlement Agreement. Here, Plaintiff simply filed a Motion for Entry of Supplemental Judgment based on a Settlement Agreement not incorporated by reference into the Consent Order.

1143. The ruling dealt with the district court's continued jurisdiction over the terms and conditions of the Settlement Agreement and Consent Decree. Here, the Pension Fund did not incorporate the Settlement Agreement into the Consent Order in the pending matter.

4. Likewise, Plaintiff's citation of *Vanguards of Cleveland v. City of Cleveland*, 23 F. 3d 1013 (6th Cir. 1994) is erroneous. Under *Vanguards*, "the scope of the consent decree must be discerned <u>within its four corners</u>, and not by reference to what might satisfy the purpose of one of the parties to it." *Id*. 1017 (Emphasis added). Again, the Settlement Agreement and audit in question were not made a part of the Consent Decree.

5. In *Rufo v. Inmates of Suffolk County Jail*, 112 S. Ct. 748 (1992), the Supreme Court established the standard to be applied by the courts in ruling on motions to modify consent decrees[3] under Federal Rule of Civil Procedure 60 (b). The Supreme Court, however, held that "modification should not be granted where a party relied upon events that actually were anticipated at the time it entered into a decree." *Id*. at 760. Accordingly, this court should not modify its Consent Decree for events not only anticipated but having already occurred before the Consent Order was filed by Plaintiff on June 19, 2006.

6. Simply stated the Consent Order and Judgment did not provide for continuing jurisdiction over the Settlement Agreement as one of the terms of its Order nor provided for entry of judgment for any amounts found due under audits (present or future).

WHEREFORE, the Defendant asks the Court to dismiss Plaintiff's Motion for Entry of Supplemental Judgment. The Plaintiff has not met its burden under *Rufo v. Inmates of Suffolk County Jail*, 112 S. Ct. 748 (1992) as the audit and audit report were both available to Plaintiff

---

[3] The Plaintiff, here, seeks to bypass the hearing procedures for modifying a consent order and instead moves directly for supplemental judgment, even though MP contested the audit results. See, *Akers v. Ohio Dep't of Liquor Control*, 902 F.2d 477, 479 (6th Cir. 1990)

3

prior filing of the Consent Order and the Settlement Agreement, upon which Plaintiff seeks supplemental judgment was likewise executed prior to filing of the Consent Order.

                                                     /s/
                          Howard S. Stevens, DC Bar No.: 466924
                          Wright, Constable & Skeen, LLP
                          100 N. Charles Street, 16th Floor
                          Baltimore, MD  21201
                          Ph:  (410) 659-1300
                          *Attorneys for MP Industrial Coatings, Inc.*

Of Counsel:

Louis J. Kozlakowski, Jr.
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, MD  21201
Ph:  (410) 659-1300

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of September 2007, a copy of Defendant, M.P. Industrial Coatings, Inc.'s Answer to Complaint was served electronically on the following:

Sanford G. Rosenthal
Jennings Sigmond, PC
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106



                                                                _____/s/_____
                                                                    Howard S. Stevens