UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>M.P. INDUSTRIAL COATINGS, INC. )<br>a/k/a MP Industrial Coatings, Inc. )<br>)<br>Defendant.  )<br>) | Civil Action No. 06-328 (ESH) |

## MEMORANDUM OPINION

The International Painters and Allied Trades Industry Pension Fund has filed a motion requesting that this Court enter a supplemental judgment in its favor and against defendant, M.P. Industrial Coatings, Inc., for $160,234.15. Plaintiff alleges that it is owed this amount under the terms of the parties' Settlement Agreement and under the Consent Order and Judgment entered by this Court on June 19, 2006. Defendant has filed a Motion to Dismiss plaintiff's Motion for a Supplemental Judgment. For the following reasons, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Entry of Supplemental Judgment is **GRANTED IN PART**.

## BACKGROUND

On February 24, 2006, plaintiff filed a Complaint seeking, *inter alia*, outstanding contributions from defendant in the amount of $22,895.91 and an audit. (Pl.'s Reply at 4; Compl.

¶¶ 12-25.)    While the suit was pending, plaintiff conducted a contribution compliance audit on May 1, 2006. (Pl.'s Reply at 4.)  After the audit was completed, but prior to the release of the results, the parties entered into a Settlement Agreement on June 8, 2006. (Pl.'s Reply at 5.)  The Settlement Agreement was secured by (1) a Joint Stipulation for Entry of Consent Order and Judgment ("Consent Order"), and by (2) a Personal Guarantee executed by James Hamilos, the owner of M.P. Industrial Coatings.  (Pl.'s Reply at 2 and at Ex. 1 ¶¶ 5,7.)  The Joint Stipulation was executed on June 9, 2006, filed on June 19, 2006, and entered by this Court on June 23, 2006. (Pl.'s Reply at 2;  Dkt. #6 and #7.)

Under the terms of the Consent Order, judgment was entered for plaintiff for unpaid contributions, liquidated damages, interest, late fees and attorneys' fees and costs in the amount of $17,444.77. (Consent Order at ¶ 1.)  The parties agreed that defendant would pay the principal sum of $12,500, plus interest, in twenty-four successive monthly payments and would file proper and timely remittance reports. (*Id.* at   ¶¶ 2,3.)  The Consent Order provided that in the event that defendant fully complied with these terms, plaintiff would accept the $12,500.00 in full settlement of the judgment, waiving a total of $4,944.77 ("Waiver Amount") in liquidated damages.  (*Id.* at ¶ 4.)  Absent full compliance, defendant would be required to pay the Waiver Amount plus interest. (*Id.*)  The Consent Order made no reference to the underlying Settlement Agreement.  The Settlement Agreement, in addition to outlining the payment schedule provided for in the Consent Order, also requires that defendant submit to audits and pay any amounts determined to be owing by such audits. (Pl.'s Reply  Ex. 1 at  ¶ 8.)

On June 15, 2006, the audit report was completed. (Pl.'s Reply at 15 and Ex. 3.)  Based on the audit, plaintiff concluded that additional contributions of $108,537.79 for the period of January

1, 2002 through March 31, 2006 were owed. (*Id.*)  On August 10, 2006, plaintiff sent the audit report to defendant, accompanied by a letter inviting the defendant "to dispute the audit, with supporting documentation, within five (5) days or to pay the audit delinquency in full within seven (7) days." (*Id.*)  On September 19, 2006, defendant disputed the audit results, but allegedly failed to provide any supporting documentation. (Pl.'s Reply at 5-6 and Ex. 5.)  On February 19, 2007, plaintiff sent a default notice regarding defendant's failure to pay the delinquencies revealed by the audit and defendant's failure to submit remittance reports or contributions for the period from July 2006 to October 2006, and the month of December 2006. (Pl.'s Reply at 6 and Ex. 6.)  When defendant failed to cure, plaintiff filed its Motion for Entry of Supplemental Judgment.  Defendant responded with a Motion to Dismiss, arguing that this Court lacks jurisdiction to enforce the Settlement Agreement.

## **ANALYSIS**

Defendant argues that because the Consent Order makes no reference to the Settlement Agreement, nor does it specifically provide for continuing jurisdiction over the Settlement Agreement, this Court lacks jurisdiction to enforce it.  Plaintiff counters that this Court retains inherent jurisdiction to enforce its own Order.  Both parties are partially correct.

In *Kokkonnen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Supreme Court clarified the circumstances under which a district court retains jurisdiction to enforce a settlement agreement.  In *Kokkonnen*, the parties settled their initial dispute and executed a stipulation of dismissal which did not reserve jurisdiction in the district court to enforce the settlement or even make reference to the settlement agreement.  *Id.* at 376-77.  After the case had been dismissed,

3

another dispute arose as to the plaintiff's obligations under the settlement agreement and the defendant filed a motion in federal court seeking to enforce the agreement. *Id.* at 377. The original plaintiff challenged that motion on the grounds that the court lacked subject matter jurisdiction to do so. *Id.* The district court exercised jurisdiction over the motion, asserting its "inherent power" to do so, and the Ninth Circuit affirmed. *Id.*

A unanimous Supreme Court reversed. The Court noted that ancillary jurisdiction had been invoked by the district court and the Ninth Circuit in support of "the court's power to protect its proceedings and vindicate its authority," but concluded that the district court's authority was "in no way flouted or imperiled" by the fact that one party breached a settlement agreement that had not been incorporated into the court's dismissal order. *Id.* at 380. *See also Board of Trustees of the Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1483 (D.C. Cir. 1996). By contrast, the Court explained, that "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal, either by separate provision ... or by incorporating the terms of the settlement agreement into the order .... [then] a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381.

In the present case, the parties' stipulated dismissal was predicated on two separate documents: the Settlement Agreement and the Consent Order. Parts of the Settlement Agreement were incorporated into the Court's Consent Order. However, the Order itself made no reference to the Settlement Agreement. Under the rule established in *Kokonnen*, this Court has ancillary jurisdiction to enforce only those parts of the Settlement Agreement that were explicitly incorporated into its Order.

## CONCLUSION

For these reasons, the defendant's Motion to Dismiss is **GRANTED** as to those claims that arise solely from the Settlement Agreement, which include: (1) $108,541.42 in additional contributions (Pl.'s Mot. at ¶ 5); (2) $787.55 in audit costs (*Id.* at ¶ 6); (3) $21,708.29 in liquidated damages on the unpaid contributions revealed by the Audit (*Id.* at ¶ 7); and (4) $16,837.41 in interest on the unpaid contributions revealed by the audit (*Id.* at ¶ 8). The defendant's Motion to Dismiss is **DENIED** as to those claims that are based on the Consent Order, which include: (1) $4,687.38 for unpaid post-judgment contributions (*Id.* at ¶ 9); (2) $937.48 in liquidated damages on the unpaid post-judgment contributions (*Id.* at ¶ 10); (3) $283.76 in interest on the unpaid post-judgment contributions (*Id.* at ¶ 11); and (4) $6,450.86 in attorneys' fees and costs incurred in the enforcement of the Consent Order between June 23, 2006 and August 7, 2007. (*Id.* at ¶ 13.) Accordingly, plaintiff's Motion for Entry of Supplemental Judgment is **GRANTED IN PART** and $12,359.48 is entered on behalf of the plaintiff.

                                                 /s/
                               ELLEN SEGAL HUVELLE
                               United States District Judge

Date: September 12, 2007